Hon. Marc Barreca
Date of Hearing: June 5, 2020
Time of Hearing: 9:30 a.m.
Chapter 7

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON

In Re:

**GARTH A. MACLEOD,**

Debtor,

_____

**EDMOND J. WOOD, solely in his capacity as the chapter 7 trustee of the bankruptcy estate of GARTH A. MacLEOD,**

Plaintiff,

vs.

**JONATHAN SMITH, P.S., a Washington professional services corporation d/b/a ADVANTAGE LEGAL GROUP, and JONATHAN SMITH, an individual,**

Defendants.

CASE NO. 14-17526-MLB

ADVERSARY No. 18-01149-MLB

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [Dkt. 28]**

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment [Dkt. 28]

**WAID LAW OFFICE, PLLC**
5400 California Avenue SW, Suite D
Seattle, WA 98136
206.388.1926

# **TABLE OF CONTENTS**

I.    Introduction and Summary of Argument. . . . . . . . . . . . . . . . .1

II.   Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    A.  Summary judgment standards re: equitable indemnity. . 11

    B.  Washington law governs the merits of and remedies
       for Plaintiff's legal malpractice and breach of
       fiduciary duty claims. . . . . . . . . . . . . . . . . . . . . . . . . . 12

    C.  Essential elements of Plaintiff's legal malpractice and
       breach of fiduciary duty claims. . . . . . . . . . . . . . . . . . . 13

    D.  Smith also owed a duty of care and fiduciary duties
       to the Bankruptcy Estate from the date of the
       Chapter 11 filing (10/12/14) through conversion to
       Chapter 7 (07/20/15). . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    E.  Genuine issues of material fact remain in dispute
       relative to application of equitable indemnity. . . . . . . . 20

IV.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## I.   **Introduction and Summary of Argument**

A legal malpractice plaintiff must ordinarily prove the existence of a

duty, the attorney's breach of that duty, and damages proximately caused

by the attorney's breach of duty.[1] Of those essential elements, the

defendants' motion raises only a narrow question of whether certain

---

[1] See discussion, pp. 13-16, below.

**Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment**

Page 1 of 25

**WAID LAW OFFICE, PLLC**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206.388.1926**

categories of damages are recoverable by the Trustee as a matter of law, based (primarily)[2] on defendants' interpretation of equitable indemnity, commonly referred to as the "ABC Rule." See, Def. SJ Mot, pp. 7-9. Defendants thus do *not* challenge either the fact that the damages claimed by the Trustee were incurred, or that the damages he claims were incurred as a direct and proximate result of Mr. Smith's negligence.

The parties *agree* that Washington law governs the measure of recoverable damages.[3] Plaintiff/Trustee also agrees, generally, that he "'stands in the shoes' of the debtor" pursuant to 11 USCA §541. Def. Mot., p. 6. However, "[w]hile a party may itself be denied a right or defense on account of its misdeeds, there is little reason to impose the same punishment on a trustee, receiver or similar innocent entity that steps into the party's shoes pursuant to court order or operation of law." *F.D.I.C. v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995), *quoted with approval,*

---

[2]  Plaintiff *agrees* that he cannot recover disgorgement of $12,000 in fees from defendants only because the Trustee already recovered those fees from defendants. See, Def. SJ Mot., pp. 9-10. Plaintiff will therefore *not* respond to Defendants' arguments related to "egregious misconduct" and "punitive damages" because those issues are not relevant. *Id.,* pp. 11-14. Nevertheless, see further, *Matter of Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995)("fees obtained as a consequence of a breach of fiduciary obligation, even a nonwillful breach. . . may be retained only if, by analogy to claims for quantum meruit, the fiduciary, notwithstanding his breach, conferred a benefit on his principal").

[3]  See discussion, pp. 12-13, below. See further, Def. SJ Mot, pp. 7-8.

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

*James v. Paton,* 2017 WL 368301 *5 (W.D. Wash.; Lasnik, J.); accord,

*Arkison v. Ethan Allen, Inc.,* 160 Wn.2d 535, 538-541, 160 P.3d 13 (2007).

(2007)(bankruptcy trustee has a separate identity from debtor for purposes

of applying equitable principle of judicial estoppel).

The respective duties of counsel for a Debtor-in-Possession and

a Chapter 7 bankruptcy trustee result in a different application of equitable

indemnity and the ABC Rule than the "classic" form urged by the defense.

Genuine issues of material fact thus remain in dispute relative to

application of equitably indemnity to the facts of this particular case.[4]

## II.   Facts[5]

The Debtor, Garth MacLeod, began to experience financial problems

due to the global financial crisis in approximately 2007-2008.  **Ex. 1** (7:22-

8:7).[6]  In approximately mid-2012, MacLeod decided to list his Hunts

---

[4]  See discussion, pp. 20-23, below.

[5]  In support of this opposition, Plaintiff has filed a related Request for Judicial Notice of the filings in the underlying bankruptcy (Case no. 14-1726-MLB, and the Adversary Proceedings nos. 16-01024, 16-01063 and 16-01157.  Fed. R. Evid. 201 applies to this Adversary Proceeding as provided by Fed. R. Evid. 101 and 1101(a).  The Court thus properly takes judicial notice in this Adversary Proceeding of the docket(s) and filings in its related bankruptcy proceedings.  See, *e.g., In re E.R. Fegert, Inc.,* 887 F.2d 955, 958 (9th Cir. 1989), *cited with approval, e.g., In re Wall,* 2017 WL 1157083 *2 (D. Mont. Bkrptcy. 03/24/2017).

[6]  All references to "**Exhibits**" or "**Ex**" in this Opposition refer to Exhibits attached to the Declaration of Plaintiff's counsel, Brian Waid, dated May 28, 2020.

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 3 of 25

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Point home for sale with realtor Tere Foster. *Id.* (8:1-9:3). When the house did not sell promptly, he contacted Smith following an internet search for an attorney experienced in bankruptcy and mortgage modifications. *Id.* (9:4-10:3). In MacLeod's own words, he was "trying to be proactive in the situation and trying to see. . .what avenues I might have in the event that it [*i.e.,* the Hunts Point property] was going to go to foreclosure and the house wasn't going to sale [sic]." *Id.* (10:4-15, 26:25-27:12). The Hunts Point property was not in foreclosure at the time. *Id.*

On September 3, 2013, the Hunts Point lender (Chase) issued a notice of pre-foreclosure options. **Ex. 1** (13:22-14:11). Messrs. Smith and MacLeod first met soon after that, in September 2013. *Id.* (13:22-14:4); **Ex. 2** (24:17-25:13); **Ex. 3** (Ans. to 'Rog. no. 2). MacLeod thought the value of the Hunts Point property exceeded the debt against it and thus sought advice from Smith as to how best to "mediate with the banker." **Ex. 1** (13:7-17). MacLeod had *not* contemplated filing bankruptcy but was instead "seeking advice as to what is the possible solutions given the situation. I didn't want to preempt what the solution was." *Id.* (10:20-

**WAID LAW OFFICE, PLLC**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206.388.1926**

12:21, 21:6-23). As MacLeod explained, "I went in there with a problem. My attorney recommended this, and that was the outcome, which seems to make sense to me." *Id.* (23:13-24:6).

Between September 3, 2013 and October 2014, Smith negotiated with Chase (for which he charged MacLeod a $5,000 flat fee) while MacLeod continued his efforts to sell the Hunts Point property. **Ex. 1** (14:1-24); **Ex. 2** (24:17-25:13, 27:6-28:10, 41:22-44:24). However, in October 2014, Smith advised MacLeod that a Chapter 11 bankruptcy reorganization was the only option. **Ex. 1** (33:8-19). Prior to accepting representation relative to the Ch. 11 petition, Smith initially told MacLeod that he would not do represent him in a bankruptcy filing because MacLeod's case was "too big, with too many issues." **Ex. 2** (105:2-14). Smith reports that he nevertheless agreed to take the case because MacLeod "begged me." *Id.* However, Mr. Smith acknowledged that he did *not* limit the scope of his representation under RPC 1.2(c), even though he "wasn't going to work on a plan or anything, because" of uncertainty about whether the creditors would approve it. *Id.* (107:14-109:20).

Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment

Page 5 of 25

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Unfortunately, Smith had only very limited experience representing clients in Ch. 11 bankruptcy reorganizations, beginning in 2009 and involving much less complex reorganization issues than those involved with MacLeod. **Ex. 2** (30:8-31:14, 47:7-12). All of the (few) Ch. 11 petitions Smith had filed prior filing the *MacLeod* bankruptcy involved attempts to avoid foreclosure. *Id.* (53:5-65:9). Of those Ch. 11 cases, Smith only succeeded in having a plan of reorganization confirmed in two cases, each of which provided for a simple liquidating plan based on the sale of a piece of real estate. *Id.* Smith did *not* anticipate confirming such a liquidating plan in MacLeod's case, because he did not expect any money to be left over if the real estate sold.

On approximately October 10, 2014, MacLeod formally retained Smith to represent him in a bankruptcy filing. **Ex. 3** (Ans. to 'Rog. no. 3), **Ex. 4.** Smith filed a "short form" Ch. 11 bankruptcy petition on behalf of MacLeod two days later, on October 12, 2014. Dkt. 1. MacLeod's goal was to sell the Hunts Point property in the "hope. . .that the proceeds of the sale would enable me to meet my obligation to the creditors. . .". **Ex. 2**

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

(42:17-25). When he files a short-form bankruptcy petition, Smith customarily meets with the Debtor to go over the Debtor's amended schedules line-by-line, to make sure that the Schedules are completed properly; in MacLeod's case, however, Smith's time records do not reflect such a meeting (although an associate's (Ms. Tse) time records reflected a single, 30-minute meeting during the critical time period. **Ex. 2** (129:1-131:15).

Smith was aware, when he filed the Ch. 11 petition that the Hunts Point property was listed with Tere Foster; however, he decided not to disclose that fact to the Court or request Court authorization for her retention to sell the property. **Ex. 2** (84:10-91:2). His decision later resulted in additional litigation which ultimately led to denial of Ms. Foster's real estate commission. Kornfeld Decl. (04/27/20) ¶16, 23. The Hunts Point property eventually sold for $7.8MM which was sufficient to pay MacLeod's secured creditors but not his unsecured creditors (which consisted primarily of Columbia State Bank). **Ex. 2** (43:1-8, 49:20-51:19).

The Hunts Point property closed on June 24, 2015. MacLeod

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 7 of 25

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

received $125,000 out of the sale proceeds as his homestead exemption.

**Ex. 1** (59:6-24). MacLeod testified that Smith did *not* advise him (*i.e.,* MacLeod) of any limitations on how he could spend that $125,000. *Id.* (60:1-68:13). Later, however, the Trustee demanded that MacLeod turn over the $125,000 in homestead proceeds because MacLeod had used some of those funds for living expenses rather than reinvest it in a replacement homestead. *Id.* (60:1-68:13). Although disputing some of MacLeod's testimony, Smith acknowledges that he told MacLeod that he had never seen a Trustee take such a position before because "[n]obody ever comes back a year later or a month later or anything and says 'Gee, what did you do with those funds.'" **Ex. 2** (76:12-77:8). Smith also testified that he told MacLeod that he had "a year to invest it" and that he did not know what would happen if MacLeod spent the homestead money. *Id.* (113:6-115:9). He also had no recollection of warning MacLeod about his exposure to a denial of discharge." *Id.* (115:2-9). Smith also acknowledged but did not recall ever discussing with MacLeod the potential savings of excise taxes if he sold the Hunts Point property through a confirmed reorganization plan

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

rather than outside such a plan, even though he was aware of that potential savings. *Id.* (116:25-118:10). The Estate would have saved the excise taxes by selling the Hunt's Point property through a confirmed plan. Kornfeld Decl. (04/27/20) ¶17-19, 23, 30-31. Smith, however, did not propose a plan of reorganization and objected to the proposed Plan of Reorganization submitted by Columbia State Bank that would have saved those amounts. *Id.*

On May 20, 2015, Smith moved to dismiss MacLeod's Ch. 11 bankruptcy petition, prior to the closing on the Hunts Point property. Dkt. 38. Rather than dismiss the Ch. 11 petition, the Bankruptcy Court converted the case from Ch. 11 to a Ch. 7 liquidation on July 20, 2015. Dkt. 96. On July 21, 2015, the Court appointed Plaintiff Edmond Wood Trustee of Smith's Ch. 7 bankruptcy. Dkt. 97. Smith nevertheless continued to represent MacLeod in the converted Ch. 7 liquidation proceedings until February 12, 2016. Dkt. 293; **Ex. 2** (23:18-24:12, 72:4-15); **Ex. 3** (Ans. to 'Rog. 6). Smith filed MacLeod's filed post-conversion bankruptcy schedules on August 6, 2015. Dkt. 107. The Trustee objected

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 9 of 25

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

1  to MacLeod's claimed exemptions on September 21, 2015 and filed an

2
3  Amended Objection to MacLeod's exemptions on October 1, 2015. Dkt.

4  134, 138.

5      When the Trustee claimed MacLeod's homestead exemption funds,

6
7  Smith advised MacLeod to "invest" in a condo owned by the mother

8  (Amanda Stanfield) of his child. **Ex. 1** (68:14-73:25, 76:8-14, 78:11-

9
10 80:24). That advice prompted the Trustee to file a separate Adversary

11 Proceeding against Ms. Stanfield to void the purported sale by Stansfield to

12 MacLeod, Adv. P. no. 16-01157, as well as a separate Adversary

13
14 Proceeding no. 16-01024 against MacLeod and a Complaint objecting to

15 MacLeod's discharge (Adv. P. no. 16-01063). See n. 7.

16     On January 29, 2016, Smith advised MacLeod and the Court that

17
18 MacLeod had a potential legal malpractice claim against him (*i.e.,* Smith).

19 Dkt. 268. Smith filed a motion to withdraw from representation on and

20 withdrew from representation effective February 12, 2016. Dkt. 273, 294.

21
22     Plaintiff's expert, Armand "Jay" Kornfeld has opined that Smith

23 breached the standard of care in numerous respects. Kornfeld Decl.

24
25

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 10 of 25

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

(04/27/20) ¶¶23-31.  The record in the bankruptcy proceedings detail the

damages at issue in this motion,[7] in addition to the $140,000 in excise taxes

detailed by Mr. Kornfeld (*id.* ¶31) and the loss of 30% of the net recovery

on this claim that resulted from the Trustee's settlement with MacLeod.[8]

## III.  ARGUMENT

### A.  Summary Judgment Standards Re: Equitable Indemnity

Pursuant to Fed. R. Bkrptcy. P. 7056, the standards provided under

Fed. R. Civ. P. 56 govern the Court's resolution of Defendants' motion.

Defendants "bear[] a heavy burden to show that there are no disputed facts

warranting disposition of the case on the law without trial." *In re: Jarvar,*

422 B.R. 242, 246 (D. Mont. Bkrptcy. 2009), *citing Younie v. Gonya (In re*

*Younie),* 211 B.R. 367, 373 (9th Cir.BAP1997) (quoting *Grzybowski v.*

*Aquaslide 'N' Dive Corp. (In re Aquaslide 'N' Dive Corp.),* 85 B.R. 545,

547 (9th Cir.BAP1987)).  "The court does not weigh evidence or assess

---

[7]  See Plaintiff's Request for Judicial Notice, including expenses itemized and approved in Bankruptcy Case no. 14-17526 at Dkt. nos. 360 (mediator's fee); 390 (expert witness); 401 (special counsel expenses); 404 (Miller, Nash, Graham & Dunn); 475 (Groshong Law); 490 (Trustee's interim fee); 491 (Accountant for Trustee); 492 (Trustee's NZ counsel), and; (a) U.S. Trustee's fees, and; (b) three filing fees incurred for filing Adversary nos. 16-1024, 16-1063, and 16-1157.  See further, Dkt. 489 (summarizing fees authorized as of 09/30/2019 and approving interim distribution by Trustee) and Related Transactions for this case.

[8]  See Dkt. 345, 353 (order approving settlement between Trustee and MacLeod).

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 11 of 25

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

credibility; rather, it determines which facts are not disputed then draws all inferences and views all evidence in the light most favorable to the nonmoving party." *In re Sienega*, 2019 WL 6977822 *1 (E.D. Cal. Bkrptcy. Dec. 17, 2019) *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

As demonstrated next, genuine issues of material fact remain in dispute relative to the application of equitable indemnity to the facts in this case. See, *e.g., Jakobsen v. Burros,* 2020 WL 1528473 *2-4 (W.D. Wash.; Martinez, CJ.)(denying 12(b)(6) motion re: equitable indemnity because "these issues typify the necessarily detailed consideration of each individual interaction and the concurrent involvement of the parties and their agents and precisely which transaction caused Plaintiffs to incur legal expenses"); *Port of Ridgefield v. Union Pacific RR Co.,* 2018 WL 4409128 *2 (W.D. Wash.; Leighton, J.)(denying summary judgment on equitable indemnity).  Defendants have offered no such detailed showing here.

> **B.    Washington Law Governs the Merits and Remedies of Plaintiff's Legal Malpractice and Fiduciary Duty Claims.**

Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment

Page 12 of 25

**WAID LAW OFFICE, PLLC**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206.388.1926**

Although pending in Bankruptcy Court, Washington law supplies the rule for decision of the merits of this Adversary Proceeding (as well as resolution of issues such as privilege), for any negligence of Mr. Smith prior to the filing of the Chapter 11 Petition on October 12, 2014. Fed. R. Bkrptcy. P. 9017; Fed. R. Civ. P. 501; *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Washington law also provides the measure of damages and other available relief. *In re Rega Properties, Ltd.,* 894 F.2d 1136, 1139 (9th Cir. 1990), *citing Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); accord, *In re Jones*, 583 B.R. 749, 752 n. 6 (W.D. Wash. Bkrptcy. 2018)(property interests referred to in the Bankruptcy Code are generally defined by state law). Nevertheless, the Trustee owns the legal malpractice claim by virtue of 11 U.S.C.A. §541 (a)(1). See, *In re Elwanger,* 140 B.R. 891 (W.D. Wash. 1992).

### C. Essential Elements of Plaintiff's Legal Malpractice and Breach of Fiduciary Duty Claims.

The essential elements of the Trustee's legal malpractice cause of action include: (1) the existence of an attorney-client relationship which

Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment

Page 13 of 25

**WAID LAW OFFICE, PLLC**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206.388.1926**

gives rise to a duty of care, (2) an act or omission by Mr. Smith in breach

of that duty, (3) damage to the client, and (4) proximate causation between

the breach of duty and the damage incurred. *E.g., Slack v. Luke*, 192 Wn.

App. 909, 916, 370 P.3d 49 (2016), *citing Hizey v. Carpenter,* 119 Wn.2d

251, 260-261, 830 P.2d 646 (1992).  Thus, upon accepting representation,

the Washington attorney undertakes a duty to meet the standard of care

during the attorney's representation of the client.

   "The standard of care is uniform throughout the state of Washington:

'that degree of care, skill, diligence and knowledge commonly possessed

and exercised by a reasonable, careful and prudent lawyer in the practice of

law in this jurisdiction.'" *Hizey v. Carpenter,* 119 Wn.2d 251, 260-261,

830 P.2d 646 (1992), *quoting Cook, Flanagan & Berst v. Clausing,* 73

Wn.2d 393, 395, 438 P.2d 865 (1968).

   Washington attorneys also undertake the duties of a fiduciary in

favor of their clients, including the duty to act with utmost fairness and

good faith toward their clients in all matters.  *E.g., Perez v. Pappas,* 98

Wn.2d 835, 840-841, 659 P.2d 475 (1983)(highest duty); *VersusLaw v.*

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

*Stoel Rives,* 127 Wn. App. 309, 333, 111 P.3d 866 (2005)("highest duty");

*In re Beakley,* 6 Wn.2d 410, 423, 107 P.2d 1097 (1940)("one of the

strongest fiduciary relationships known to the law"); *Bovy v. Graham,*

*Cohen & Wampold,* 17 Wn. App. 567, 570, 564 P.2d 1175 (1977)("'the

punctilio of an honor the most sensitive'"). The attorney's fiduciary duties

include the "duties of confidentiality and undivided loyalty." 2 Mallen,

*Legal Malpractice* §15.1, p. 652-653 (2020 ed).

The Washington Rules of Professional Conduct (RPC) generally

outline the attorney's minimum fiduciary duties. *Arden v. Forsberg &*

*Umlauf, P.S.* 193 Wn. App. 731, 743, 373 P.3d 320 (2016), *citing Eriks v.*

*Denver,* 118 Wn.2d 451, 457-458, 824 P.2d 1207 (1992) and *Cotton v.*

*Kronenberg,* 111 Wn. App. 258, 265-266, 44 P.3d 878 (2002). This Court

has adopted the Washington RPC's. W.D. Wash. LCR 83.3(a).

An attorney's breach of fiduciary duty can result in an equitable

claim for disgorgement or forfeiture of fees, or a legal claim for damages

resulting from the breach, or both. See, *e.g., Behnke v. Ahrens,* 172 Wn.

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 15 of 25

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

App. 281, 296, 294 P.3d 729 (2012).[9]  Thus, every breach of fiduciary duty

that proximately causes monetary damage constitutes a breach of the

standard of care; however, a breach of the standard of care does *not* always

constitute a breach of fiduciary duty.  See n. 2, *supra*.

Smith thus owed a duty of care and fiduciary duties to MacLeod

which became property of the bankruptcy Estate upon the filing of the Ch.

11 petition on October 12, 2014.

**D.  Smith Also Owed a Duty of Care and Fiduciary Duties to the Bankruptcy Estate From the Date of Chapter 11 Filing (10/12/14) Through Conversion to Chapter 7 (07/20/15).**

The defense asserts that "MacLeod did not incur the Trustee's fees

and costs administering the Chapter 7 estate." Def. Mot., p. 8.  Plaintiff

*agrees* that some of the Trustee's damages arise out of Mr. Smith's conduct

during the Chapter 11.  Smith, however, overlooks the fact that he owed a

duty of care and fiduciary duties to the bankruptcy estate during the Ch. 11

case, the breach of which proximately caused damage *to the Estate*.

---

[9]  The differences between equitable and legal claims for breach of fiduciary are manifest in the differences in: (a) the burden of proof required for disgorgement/forfeiture (*i.e.,* clear and convincing evidence of egregious conduct) compared to the burden of proof required for an award of damages (*i.e.,* preponderance of the evidence of breach), and; (b) the relief recoverable, *i.e.,* fee forfeiture/disgorgement compared to damages.

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 16 of 25

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Mr. Kornfeld thus points to several instances in which Smith's conduct during the pendency of the Ch. 11 case caused damage and/or expense to the Estate, including: (a) Smith's decision to not file a Ch. 11 plan of reorganization (and oppose Columbia State Bank's proposed Plan), which resulted in a $140,000 loss to the Estate [Kornfeld Decl. (04/27/20) ¶17-19, 23, 30-31]; (b) Smith's decision not to disclose and obtain the Court's approval for the real estate listing of the Hunt's Point property [*id.* ¶16, 23]; (c) Smith's filing of a motion to dismiss the Ch. 11 case just weeks prior to closing on the sale of the Hunts Point property [*id.* ¶24], and; (d) Smith's advice to MacLeod and participation in post-petition transactions by MacLeod, which prompted Adversary Proceedings between the Trustee and MacLeod [*id.* ¶26-27] at great cost to the Estate. [10]

MacLeod filed the Chapter 11 petition on October 12, 2014. The Court converted his bankruptcy to Chapter 7 on July 20, 2015. During the interim, MacLeod as debtor-in-possession and Smith as counsel for the debtor-in-possession, owed the Estate the duties of fiduciaries. 11 USCA §1107(a). Plaintiff thus agrees, generally, that a Chapter 11 debtor in

---

[10] See n. 6, *supra.*

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

possession stands in the shoes of a trustee and is a fiduciary for the estate and its creditors. *E.g., In re J.T. Thompson, USA,* 2012 WL 4461650 *3–4 (C.D. Cal. Bkrptcy. 09/25/2012), *citing Thompson v. Margen (In re McConville),* 110 F.3d 47, 50 (9th Cir.1997) (chapter 11 debtors in possession "were fiduciaries of their own estate owing a duty of care and loyalty to the estate's creditors"); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 614 (9th Cir.1988) ("As debtor in possession he is the trustee of his own estate and therefore stands in a fiduciary relationship to his creditors"); *Devers v. Bank of Sheridan, Montana (In re Devers),* 759 F.2d 751, 754 (9th Cir.1985) ("A debtor-in-possession has the duty to protect and conserve property in his possession for the benefit of creditors").

Of special significance here, "[t]he majority of courts view an attorney for a debtor in possession as a fiduciary of the bankruptcy estate." *In re J.T. Thompson, supra* at *3-4, *citing Brown v. Gerdes,* 321 U.S. 178, 182 (1944) ("In all cases persons who seek compensation for services or reimbursement for expenses are held to fiduciary standards."); *In re*

**WAID LAW OFFICE, PLLC**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206.388.1926**

*Taxman Clothing Co.,* 49 F .3d 310, 314 (7th Cir.1995) ("A lawyer hired

by a trustee in bankruptcy to do legal work for the estate, like the trustee

himself, is a fiduciary of the estate."); *Continental Ill. Nat'l Bank & Trust*

*Co. of Chi. v. Charles N. Wooten, Ltd. (In re Evangeline Ref. Co.),* 890

F.2d 1312, 1323 (5th Cir.1989) (stating that "trustees and attorneys for

trustees are held to high fiduciary standards of conduct"); *Pierson &*

*Gaylen v. Creel & Atwood (In re Consol. Bancshares, Inc.),* 785 F.2d 1249,

1256 n. 7 (5th Cir.1986)(observing that "court-appointed attorneys are

officers of the court and fiduciaries"); *In re Consupak, Inc.,* 87 B.R. 529,

548 (Bankr.N.D.Ill.1988)(observing that "the fiduciary duties of counsel

for a bankruptcy trustee have been held to be 'equivalent' to those of the

trustee"); accord. *ICM Notes, Ltd v. Andrews & Kurth, L.L.P.,* 278 B.R.

117, 125-126 (S.D.Tex.2002). Accordingly, "not only does DIP counsel

represent the estate as a whole, bankruptcy counsel owes a duty to the

Court. . .to oversee the attorney-appointment process and continued

disinterestedness of attorneys representing DIPs." *In re Living Hope Se.,*

*LLC,* 509 B.R. 629, 648 (Bankr. E.D. Ark. 2014).

Smith therefore owed fiduciary duties to the Estate during the

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 19 of 25

**WAID LAW OFFICE, PLLC**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206.388.1926**

period in which he represented the Debtor-in-Possession in the Chapter 11 case, *i.e.,* from October 12, 2014 through July 20, 2015.

### E. Genuine Issues of Material Fact Remain in Dispute Relative to Application of Equitable Indemnity.

Plaintiff generally *agrees* that a prevailing party in Washington may recover attorney fees if authorized by "statute, contract, or recognized ground in equity." Def. SJ Mot., p. 7. Equitable indemnity constitutes such a "recognized ground in equity."[11] *Port of Ridgefield, supra,* 2018 WL 4409128 at *2, *citing, Blueberry Place HOA v. Northward Homes, Inc.,* 126 Wn. App. 352, 358, 110 P.3d 1145 (2005).

Damages in legal malpractice actions typically consist of "what would have been recovered, less what was recovered, plus legally recoverable expenses incurred because of the negligence." 3 Mallen, *Legal Malpractice* §21:8, p. 18 (2020 ed). Consequential damages typically include mitigation expenses (including attorney fees) incurred in

---

[11] Washington distinguishes between "attorney fees awardable as costs of maintaining or defending an action against an adverse party, and attorney fees recoverable as damages, generally incurred as a result of prior actions by the adverse party which have exposed the claimant to litigation with a third party." *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC,* 139 Wn. App. 743, 759-762, 162 P.3d 1153 (2007)(jury decides the issue of attorney fees recoverable as damages). In this case, the Trustee claims damages that include (but are not limited to) attorney fees recoverable as damages.

Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment

Page 20 of 25

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

attempting to minimize the damage caused by the attorney's malpractice. *Flint v. Hart,* 82 Wn. App. 209, 223-224, 917 P.2d 590 (1996); accord, Mallen, *supra* §21:12 p. 27, §21:18 pp. 41-44. "Simply stated, a plaintiff is entitled to that sum of money that will place him in as good a position as he would have been but for the defendant's tortious act." *Shoemake v. Ferrer,* 168 Wn.2d 193, 198, 225 P.3d 990 (2010); *Merriman v. American Guarantee & Liability Ins. Co.,* 198 Wn. App. 594, 618-619, 396 P.3d 351 (2017).

In its most recent discussion of equitable indemnity in the context of legal malpractice claims, the Washington Supreme Court explained that the ABC rule "operates as a defense against only a limited set of potential legal malpractice claimants —**those whose sole alleged damages are attorney fees incurred in a separate litigation and whose only argument supporting compensability of those fees is the ABC Rule**." *LK Operating, LLC v. Collection Grp., LLC,* 181 Wn.2d 117, 125, 330 P.3d 190 (2014)(emphasis added). *LK Operating* further explained "[t]his narrow set **clearly does not encompass** "any possible claimant"—for

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 21 of 25

**WAID LAW OFFICE, PLLC**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206.388.1926**

Case 18-01149-MLB    Doc 31    Filed 05/28/20    Ent. 05/28/20 15:13:46    Pg. 22 of 26

instance, **those who seek damages other than attorney fees incurred in separate litigation.** *Id* (emphasis added).[12] Accord, *Jakobsen, supra* at *3 n. 3 (equitable indemnity is "not a standalone claim").

Here, the Trustee's damages are *not* solely limited to attorney fees incurred in separate litigation or based solely on the ABC Rule. Defendants' motion therefore fails under authority of *LK Operating*.

Nevertheless, equitable indemnity and the ABC Rule are also not nearly so narrowly applied as the defense maintains, *i.e.,* that the Trustee supposedly cannot satisfy the ABC Rule based on its formulation of "(1) a wrongful act by A (Defendants) toward B (MacLeod), (2) exposing B to litigation with C, and (3) C being unconnected with the original wrongful act of A toward B."[13]

Indeed, the Trustee's role does *not* lend itself to the classic formulation of the ABC Rule because the Debtor and the Trustee have separate identities for purposes of equitable analysis. *E.g., Arkison, supra,*

---

[12] The Court also reserved for another day the issue of whether legal malpractice claims warrant modification of the ABC Rule in those cases in which *only* consequential attorney fees are sought. *Id.* 181 Wn.2d at 126. Thus, although not necessary to the Court's decision on Defendants' motion, the Washington courts have *not* foreclosed the recovery in legal malpractice cases in which the consequently damages include only attorney fees.

[13] Def. Mot., p. 7.

Plaintiff's Opposition to Defendants' Motion for
Partial Summary Judgment

Page 22 of 25

**WAID LAW OFFICE, PLLC**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206.388.1926**

160 Wn.2d at 540-541.[14] In this particular case, Smith's breach(es) of duty forced the Trustee to incur extraordinary fees and expenses to fulfill his statutory duties to "collect and reduce to money the property of the estate" and oppose the debtor's discharge, when he deemed it advisable.[15]

Whether phrased in terms of equitable indemnity of the ABC Rule, Washington allows a party forced to engage in litigation (as either a plaintiff or defendant) as a result of a third-party's negligence to recover the attorney fees and expenses incurred a consequence of that negligence.

Thus, in *Jakobsen*, the defendant "A" (Wells Fargo) asserted that a downstream real estate purchaser (Jakobsen) could not recover attorney fees incurred to defend Wells Fargo's foreclosure and quiet the purchaser's title obtained from the seller "B" (Burrus). There, Wells Fargo argued that "a claim. . .if it exists at all, is for Burros to pursue." *Id.* at 3. In *Jakobsen*, Chief Judge Martinez rejected Wells Fargo's attempt to "necessarily cast [Jakobsen]. . .into the "C" role." *Id.* Defendants make the same argument here that *Jakobsen* rejected, *i.e.,* "MacLeod does not stand in the Trustee's

---

[14] See discussion, *supra* at pp. 16-19. See further, 11 U.S.C.A. §323(a).

[15] See discussion, pp. 20-22, below.

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

[shoes]" and "did not incur the Trustee's fees and costs administering the Chapter 7 estate."[16] Accord, *Port of Ridgefield, supra* at *2; *James v. Paton, supra* at *4-5, quoting, FDIC v. O'Melveny & Myers, supra* at 19 (defenses based on a party's. . .inequitable conduct do not generally apply against that party's receiver"); *Wells v. Aetna Ins. Co.,* 60 Wn.2d 880, 376 P.2d 644 (1962)( affirming attorney fee award to downstream purchaser of a car encumbered by a prior lien despite the fact that Wells initiated the lawsuit to quiet title to the vehicle. [17]

## IV.    Conclusion

Genuine issues of material fact remain therefore remain in dispute relative to application of equitable indemnity to Trustee's damage claims in this case.   The Court should therefore deny Defendants' motion.

Dated: May 28, 2020.

WAID LAW OFFICE, PLLC

BY:   /s/ Brian J. Waid
BRIAN J. WAID

---

[16] Def. Mot., p. 8.  Here, rather than try to "force" the Trustee into the "C" role, here the defense reaches the same result when it asserts that "there is no A-B-C; rather there is only A-B."

[17] The Court in *Jakobsen* included an incorrect citation to *Wells v. Aetna Ins.*  Plaintiff provides the correction citation here.

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

WSBA No. 26038
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May 2020, I caused a copy of the foregoing pleading to be delivered to all counsel of record via the Court's ECF delivery system.

Dated: May 28, 2020.

WAID LAW OFFICE, PLLC

BY: ___/s/ Brian J. Waid_____
BRIAN J. WAID
WSBA No. 26038
Attorney for Plaintiff

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926