Jeffrey P. Downer
Daniel C. Mooney
Lee Smart, P.S., Inc.
1800 One Convention Place
701 Pike Street
Seattle, WA 98101-3929
206.624.7990

Hon. Marc Barreca
Hearing Date: March 4, 2021
Hearing Time: 9:30 a.m.
Hearing Location: Telephonically
Response Date: February 25, 2021

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

In Re:

GARTH A. MACLEOD,

        Debtor,

_____

EDMUND J. WOOD, solely in his capacity
as the chapter 7 trustee of the bankruptcy
estate of GARTH A. MACLEOD

        Plaintiff,

    vs.

JONATHAN SMITH P.S., a Washington
professional service corporation doing
business as ADVANTAGE LEGAL
GROUP, and JONATHAN SMITH, an
individual,

        Defendants

No. 2:14-bk-17526 MLB

Adversary No. 18-01149-MLB

DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

## I. RELIEF REQUESTED

Pursuant to Fed. R. Bank. P. 7056 and Fed. R. Civ. P. 56, defendants Jonathan Smith,

P.S. d/b/a Advantage Legal Group, and Jonathan Smith (collectively "Mr. Smith") move for

summary judgment dismissing Plaintiff's claims for legal malpractice and breach of fiduciary

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 1 of 22

duty. As a matter of law, the Trustee is unable to make out a prima facie case to support either claim under well-settled Washington law because the Trustee lacks any competent evidence on the issues of proximate cause and damages. As such, this Court is compelled to dismiss the claims.

## II. STATEMENT OF FACTS

This Court presided over Mr. MacLeod's bankruptcy since it was filed in October 2014, and has presided over this adversary action since it was filed in October 2018. As such, the Court is well acquainted with the facts of this case, so that Mr. Smith will not present a detailed repetition of the same here. However, the following facts are relevant to the present motion:

**A.     Despite more than two years of litigation, Plaintiff has failed to produce evidence to support a claim of legal malpractice and breach of fiduciary duty.**

On October 24, 2018, the Trustee filed this adversary action against Mr. Smith, alleging two causes of action: one for legal malpractice and another for breach of fiduciary duty. *See* Adv. Dkt. 1. Both causes of action arise from the same set of operative facts. *Id.*

On November 27, 2019, this Court issued a Notice of Trial and Order Setting Deadlines. Adv. Dkt. 26. Under that order, the deadline for expert disclosures was April 13, 2020. *Id.* The Discovery Cutoff was May 26, 2020. *Id.* On June 10, 2020, this Court issued an Amended Notice of Trial and Order Setting Deadlines. Adv. Dkt. 39. Under the amended order, the deadline for expert disclosure was January 11, 2021. *Id.* The discovery cutoff was January 25, 2021. *Id.* On January 2, 2021, this Court issued a Second Amended Notice of Trial and Order Setting Deadlines. Adv. Dkt. 45. The new cause schedule did not extend either the discovery cutoff or expert disclosure deadline. *See id.*

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 2
6780786.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 2 of 22

**1. Plaintiff has not produce any evidence to meet his burden of proving proximate cause.**

On March 19, 2019, Mr. Smith's counsel served Defendant's First Interrogatories and Requests for Production on plaintiff's counsel. Mooney Decl., ¶2. They included the following:

> INTERROGATORY NO. 6. Identify each person you or your attorneys expect to testify at trail as an expert witness and for each such witness state: (a) the subject matter in (sic) which the expert is expected to testify; (b) the substance of the facts and opinions to which the expert is expected to testify; (c) a summary of the grounds for each such opinion.

*See* Mooney Decl., Ex. 1. An accompanying request for production sough a copy of any such expert's CV, any reports, and other various documents relating to any experts disclosed. *See Id.*, Request for Production No. 2.

> In response to this interrogatory, on November 19, 2019, the Trustee responded as follows:

> ANSWER: Plaintiff intends to provide the requested information in conformity with the Notice of Trial and Order Setting Deadlines.

> Out of an abundance of caution, Plaintiff notes that certain of the percipient fact witnesses listed in Plaintiffs' Answer to Interrogatory No. 2 may express opinions within their respective areas of practice, even though they are not retained as experts and, therefore, *not* subject to expert witness disclosure requirements. See e.g., *MKB Constructors v. Am. Zurich Ins. Co.*, 83 F.Supp.3d 1078 (W.D. Wash 2015); *Paiya v. Dunham Const. Co.*, 69 Wn. App. 578, 849 P.2d 660 (1993); *Baird v. Larson*, 59 Wn. App. 715, 801 P.2d 247 (1990).

*Id.*, Interrogatory No. 6.

> Interrogatory No 2, to which that interrogatory answer refers, had asked:

> INTERROGATORY NO. 2: Please state the names, addresses, telephone numbers, occupations, job descriptions, and present location of all individuals or entities known to you or believed by you to have knowledge of the factual allegations set forth in your Complaint, and brief description of the person's knowledge.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 3
6780786.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 3 of 22

Money Decl., Ex. 1, Interrogatory No. 2. In response, the Trustee identified 19 individuals. *Id.* The Trustee did not state that any of the individuals would be providing testimony on the issue of proximate cause. *See Id.* As of the date of this filing, the Trustee has not supplemented this response. Mooney Decl., ¶4.

In light of the Trustee's response to Interrogatory No. 6, on October 2, 2019, Defendants served an interrogatory asking for the substance of the testimony of the "percipient fact witnesses" upon which the Trustee intended to rely. He answered as follows:

INTERROGATORY NO. 11: Will you offer any opinion testimony from any percipient fact witness, or any person with knowledge of any of the allegations in your Complaint, within his or her area of practice? If so, identify by name, address, phone number, and email address each such witness or person; set forth fully the substance of each such witness's or person's opinion testimony; and set forth the grounds for the bases of each such opinion.

ANSWER: Plaintiff objects to this Interrogatory to the extent it: (1) calls for a dress rehearsal of trial and calls for evidence upon which they intend to rely to prove any fact or facts. *Weber v. Biddle*, 72 Wn.2d 22, 29, 431 P.2d 705 (1967), and (2) seeks to invade the work product protections of Plaintiff and their attorney in this matter.

Subject to those objections: Plaintiff reserves the right to ask any percipient fact witness any appropriate question within their areas of knowledge and/or expertise.

Mooney Decl., ¶3, Ex. 2.

As of the date of this filing, the Trustee has not supplemented this response. Mooney Decl., ¶4.

Defendants' interrogatories also sought information about basis for the Trustee's legal malpractice claim, which the Trustee answered merely by referring to his Complaint:

INTERROGATORY NO. 7: Please identify all facts supporting your contention that Jonathan Smith and/or anyone at his law firm committed legal malpractice, and state with specificity what actions Defendant failed to take that you contend should have been taken in his representation of you.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

ANSWER: Objection to the extent that this Interrogatory seeks information equally obtainable by Defendant.

Subject to this objection: Please refer to the allegations set forth in the Complaint filed in this action, which are incorporated by this reference.

*See* Mooney Decl., Ex. 1, Interrogatory No. 7. Defendants propounded a similar interrogatory regarding the breach of fiduciary duty claim, which the Trustee answered identically, save for the objection. *Id.*, Interrogatory No. 8. As of the date of this filing, the Trustee has not supplemented these answers or provided any of the requested information. Mooney Decl., ¶5.

**2. Plaintiff has failed to respond to discovery requests seeking information about Plaintiff's alleged damages.**

Defendant's interrogatories also sought information about the Trustee's alleged damages, stating:

INTERROGATORY NO. 9: For every element of damages you are asserting this case please provide a detailed outline of all damages and a detailed analysis of how you arrived at the numbers.

ANSWER: Please refer to the allegations set forth in the Complaint filed in this action, which are incorporated by this reference.

Mooney Decl., Ex. 1, Interrogatory No. 9. No further answer has ever been provided in the more than two years that this adversary action has been pending. *See* Mooney Decl., ¶6.

**3. The Trustee has not supplemented his discovery responses, despite multiple requests from defense counsel and a cautionary statement from this Court.**

The Trustee has not supplemented any of his responses to the above interrogatories. *See* Mooney Decl., ¶¶4-6. On June 24, 2020, during the Court's oral ruling on Defendants' motion for partial summary judgment, this Court made the following cautionary statements regarding the Trustee's deficient discovery on the record, which were incorporated into the Court's order by reference (*See* Adv. Dkt. 42):

As an aside, I have serious concerns that the Trustee has the ability to recover

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 5
6780786.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 5 of 22

fees and costs in administering the Chapter 7 estate as damages, especially as it relates to the causation prong of the legal malpractice analysis. In reviewing the Trustee's response to interrogatories, when asked to provide an analysis on how the Trustee arrived at damages, the Trustee answered merely by citing back to the Complaint. This will be insufficient to satisfy the Trustee's burden at trial and leaves the Trustee susceptible to a further motion for summary judgment that raises the absence of evidence supporting the causation prong of the legal malpractice analysis.

Mooney Decl., ¶7; *see also* Adv. Dkt. 40.

Following the hearing in which the Court made these statements, the Trustee did not supplement discovery responses. Mooney Decl., ¶8.

To ensure the Trustee had every opportunity to produce the required evidence, on October 22, 2020, defense counsel wrote the Trustee's counsel requesting supplementation of plaintiff's discovery responses. Mooney Decl., ¶8, Ex. 3. On November 4, 2020, the Trustee's counsel responded to the letter, stating he expected to provide supplemental responses soon, but had fallen ill so they would be delayed. Mooney Decl., ¶9, Ex. 4.

Having received no responses for a month, and despite counsel's statement they would soon be forthcoming, on December 3, 2020, defense counsel emailed the Trustee's counsel again to check on the status of the supplemental discovery responses. Mooney Decl., ¶10. In response, the Trustee's counsel wrote:

> Impeccable timing. I'm keeping your office so busy that I'm bringing in another experienced attorney this morning to work on that specific project. Expect to have a response within the next few days.

*See* Mooney Decl., ¶10, Ex. 5. As of the date of this filing, no supplemental responses have been received. Mooney Decl., ¶11. On January 25, 2021, the discovery period closed. *See* Adv. Dkt. 39.

### 4. The Trustee's expert disclosures contain no opinions on the issue of proximate cause or damages.

Under the original Notice of Trial and Order Setting Deadlines, the parties were

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

required to make expert witness disclosures pursuant to Fed. R. Bank. P. 2076 and Fed. R. Civ. P. 26(a)(2) on April 13, 2020. *See* Adv. Dkt. 39. On April 27, 2020[1], the Trustee disclosed Armand J. "Jay" Kornfeld as an expert witness. *See* Mooney Decl. ¶13. Mr. Kornfeld's report does not address the issue of causation. *See Id.* A complete copy of Mr. Kornfeld's report for the Court to review is attached as Exhibit 6 to the Declaration of Daniel C. Mooney, filed herewith. The closest Mr. Kornfeld's report comes to addressing the issue of causation are the following three paragraphs:

> 27. The Sequoia Trust, the property it held, and MacLeod's interest as the settlor, controlling trustee, and beneficiary of the Sequoia Trust should have been detailed on both the Chapter 11 schedules and the conversion schedules, including the loan forgiveness/transfer by MacLeod for the Trust's benefit. Mr. Smith's failure to schedule the Trust and these details fell below the standard of care for a lawyer representing a client filing a Chapter 11 bankruptcy case, and this failure subjected MacLeod to the Trustee's later challenge of MacLeod's discharge.

> 28. Due to MacLeod's role as settlor, trustee, and beneficiary of the Sequoia Trust, and Mr. Smith's apparent knowledge of the Trust, Mr. Smith should have advised MacLeod that the Trust and its details needed to be included on the bankruptcy scheduled and Statement of Financial Affairs (otherwise MacLeod's discharge would be in jeopardy). Mr. Smith should have further advised MacLeod that it was possible that the Sequoia Trust would be determined to be a self-settled trust under RCW 19.36.020 and therefore subject to avoidance in Macleod's bankruptcy, which would mean that the property owned by the Trust would be subject to the claims of MacLeod's creditors in his bankruptcy. Based on my review, it appears possible that the 10 year period set forth in 11 U.S.C. 548(e)(1) had passed, which may have allowed the Trust to remain protected had it been properly disclosed. However, it appears that the settlement reached by the parties involving the Sequoia Trust property was tied to the risk of MacLeod losing his discharge, which was a risk created by Mr. Smith's failure to cause the proper disclosure. His failure to insure proper disclosure and to so advise Macleod fell below the standard of care for a lawyer representing and advising a potential debtor considering filing of a Chapter 11 bankruptcy.

---

[1] Although this is after the expert disclosure deadline, the parties had agreed to a short continuance, in light of the fact that the COVID-19 pandemic stay-at-home order had gone into effect and disrupted working schedules. Mooney Decl., ¶12.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 7
6780786.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1        ***

2       31. In addition, Mr. Smith failed to follow the Court's directed to file a plan and
3       disclosure statement on or before June 1, 2015. Had Mr. Smith filed a timely
        plan in the Bankruptcy case, the plan could have been provided for exemption of
4       the real estate excise tax arising from the sale of the Hunts Point property, as
        provide (sic) for in WAC 458-61A-207. The exemption would have benefited
5       MacLeod's bankruptcy estate and creditors in the amount of approximately
        $140,000. Mr. Smith's failure to propose and pursue a plan in these
6       circumstances, particularly in light of the Court's directive, fell below the
7       standard of care of a lawyer representing a debtor in a Chapter 11 case

8    *See* Mooney Decl., Ex. 6.

9        Along with Mr. Kornfeld's report, the Trustee also submitted supplemental expert

10   discovery responses. Mooney Decl., Ex. 7. In answer to Interrogatory No. 6, which requested

11   the subject matter of expert testimony and the substance of any opinions, the Trustee stated:

12      Mr. Kornfeld is expected to testify that Mr. Smith breached the standard of care
        applicable to a reasonably prudent Washington State attorney representing a
13      client in the same or similar circumstances as the Debtor, Garth MacLeod, in
        multiple respects, including but not limited to: (1) inadequate experience and
14      training in   representing Chapter 11 reorganizations necessary to the
        representation of a Debtor with the complexity of issues presented by Mr.
15      MacLeod; (2) advising the Debtor to file Ch. 11 under the circumstances
        presented; (3) inadequate pre-filing advice to the Debtor thus preventing the
16      debtor from making an informed choice about whether to file a Chapter 11
17      reorganization; (4) inadequate investigation of the Debtor's assets and liabilities
        prior to filing; (5) (6) (sic) inaccurate advice to the Debtor about Ch. 11
18      procedures, the ramifications of potential conversion of the bankruptcy to Ch. 7
        if the Hunts Point property did not sell quickly; (7) advising the Debtor that he
19      would be able to dismiss the Ch. 11 reorganization once the Hunts Point
20      property sold; (8) failing to prepare and file an appropriate Ch. 11 plan or
        reorganization, including failure to recognize and advise the Debtor of the need
21      for a confirmed plan of reorganization to avoid real estate excise taxes on the
        sale of the Hunts Point property; (9) failure to properly advise the Debtor
22      relative to the protection of his Washington homestead exemption; (10) failure
        to timely file necessary applications for retention of professional services; (11)
23      such other and different breaches of the standard of care as Mr. Kornfeld may
24      identify during the course of his investigation.

25

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 8
6780786.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 8 of 22

Mooney Decl., ¶14. As of the date of this filing, the Trustee has not supplemented this answer, nor disclosed any additional opinions from Mr. Kornfeld about the issue of proximate cause or damages. Mooney Decl., ¶15.

On February 2, 2021, the Trustee's counsel sent an email stating he would be producing expert opinions on damages in the near future. Mooney Decl., ¶16. Defense counsel responded by advising that Defendants would object to any use of such opinions in motions or at trial. *Id.*

## III. STATEMENT OF ISSUES

Whether the Trustee's claims for legal malpractice and breach of fiduciary duty should be dismissed on summary judgment:

(1) plaintiff has failed to produce any evidence of damages;

(2) plaintiff has failed to produce any evidence that Mr. MacLeod and/or the Chapter 11 estate would have fared better but for any action of Mr. Smith?

## IV. EVIDENCE RELIED UPON

This motion is based upon the Declaration of Daniel C. Mooney, with exhibits attached thereto, and the Court's records and files referenced herein.

## V. LEGAL AUTHORITY

This adversary action has been pending for more than two years. The Trustee and his capable counsel have known from the beginning they must support their allegations of legal malpractice and breach of fiduciary duty with competent evidence as to each element of their claims, including proximate cause and damages. This Court even specifically advised the Trustee in June 2020 that his evidence was insufficient to sustain his burden of proof. The Trustee has not supplemented his discovery responses since the Court's warning, and has failed to produce any evidence supporting the proximate cause and damages elements of the legal

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 9
6780786.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 9 of 22

malpractice and breach of fiduciary duty claims. This failure of proof is fatal to the Trustee's case because such evidence is a prerequisite to this action.

**A.  Summary judgment is proper where the Trustee lacks evidence to support a prima facie case of legal malpractice.**

Summary judgment is proper if the papers on file show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

**B.  Plaintiff cannot sustain his burden of establishing that Mr. Smith's representation proximately caused any damages.**

There can be no liability for a claim of legal malpractice, and summary judgment should be granted, unless the plaintiff sustains its burden of proving four elements: "(1) the existence of an attorney-client relationship giving rise to a duty of care on the part of the lawyer; (2) an act or omission breaching that duty; (3) damage to the client; and (4) the breach

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

of duty must have been a proximate cause of the damages to the client." *Nielson v. Eisenhower & Carlson,* 100 Wn. App. 584, 589 (citing *Hizey v. Carpenter*, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992)). The elements for a claim of breach of fiduciary duty mirror those of a legal malpractice claim. *See Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002) ("A plaintiff alleging breach of a fiduciary must prove: (1) existence of a duty owed; (2) breach of that duty; (3) resulting injury; and (4) that the claimed breach proximately caused the injury"). Therefore, plaintiff's failure to produce evidence supporting the claim for legal malpractice is equally fatal to plaintiff's claim for breach of fiduciary duty.

Here, Defendants bring this motion based on Plaintiff's failure to produce evidence sufficient to make a prima facie showing as to third and fourth elements of the legal malpractice and breach of fiduciary duty claims: proximate cause and damages.

### 1. The Trustee has failed to produce evidence of damages.

#### a. The Trustee's discovery responses, which merely refer to the allegations in the complaint, are grossly insufficient to sustain the Trustee's burden.

The Trustee has failed to identify any damages in this action. When asked in discovery to identify his damages and how he calculated them, the Trustee said only "Please refer to the allegations set forth in the Complaint filed in this action, which are incorporated by this reference". Such a response is insufficient under Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7033. *See e.g., Equal Rights Center v. Post Properties, Inc.*, D.D.C.2007, 246 F.R.D. 29 (D.D.C. 2007) ("It is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories.") *See also Pilling v. General Motors Corp.*, 45 F.R.D. 366 (D.C. Utah 1986) (answers to interrogatories must be responsive, full, complete, and not evasive). *See also* Fed. R. Civ. P. 37(a)(4) ("an evasive or

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 11
6780786.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 11 of 22

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

The Trustee's "see Complaint" response is improper and unresponsive, and provides no competent evidence of the Trustee's damages. The Trustee gave this non-answer in November 2019, and has not supplemented it since. This is particularly glaring omission in light of the fact this Court cautioned the Trustee at the summary judgment hearing in June 2020 that his discovery responses regarding damages were insufficient to sustain his burden and left him susceptible to a motion for summary judgment on the issue. This is that motion.

Damages is an essential element of the Trustee's malpractice and fiduciary duty actions. *Hizey*, 119 Wn. 2d at 260-61; *Micro Enhancement Int'l*, 110 Wn. App. at 433-34. And it is well-settled that the Trustee may not rely solely on the allegations made in its pleadings. *Young*, 112 Wn.2d at 225. Rather, the Trustee must set forth specific facts "sufficient to establish the existence of each essential element of its case." *Howel*, 117 Wn.2d at 625; *Young*, 112 Wn.2d at 225-26. Instead of doing that, and despite being cautioned by this very Court, the Trustee made clear he was only relying on the allegations in the Complaint. Summary judgment must be granted on this issue alone, as a lack of evidence supporting the element of damages is fatal to the Trustee's claims.

### 2. The Trustee has failed to produce any evidence to support the element of proximate cause.

The Trustee's claims for legal malpractice and breach of fiduciary duty also fail of the fourth element: proximate cause. "General principles of causation are no different in a legal malpractice action than in an ordinary negligence case." *Halvorsen v. Ferguson*, 46 Wn. App. 708, 719, 735 P.2d 675 (1986). The burden is on the legal malpractice plaintiff to show that the attorney's negligence was the proximate cause of the injury. *Hansen v. Wightman*, 14 Wn. App. 78, 88, 538 P.2d 1238 (1975), *overruled in part by Bowman v. Two*, 104 Wn.2d 181, 704

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

P.2d 140 (1985)). Proximate cause is the nexus between breach of duty and resulting injury. *Halvorsen*, 46 Wn. App. at 719.

Proximate cause "boils down to whether the client would have fared better but for the attorney's malpractice." *Daugert v. Pappas*, 104 Wn.2d 254, 258-59, 704 P.2d 600 (1985). In legal-malpractice cases, a "trial within a trial" is necessary to retry, or try for the first time, the underlying case's merits to determine what a reasonable judge or finder of fact would have done absent the alleged malpractice. *Id.* at 257. Causation is regularly decided as a matter of law in legal-malpractice cases. *See, e.g., Smith v. Preston Gates Ellis, LLP*, 135 Wn. App. 859, 864, 147 P.3d 600 (2006); *Paradise Orchards Gen. P'ship v. Fearing*, 122 Wn. App. 507, 94 P.3d 372 (2004). Where causation requires special expertise, it is a question of law for the judge. *Daugert*, 104 Wn.2d at 258-59. The unique characteristics of a legal-malpractice action render causation well suited to summary judgment. *See Nielson*, 100 Wn. App. at 594.

> **a.** **The Trustee's discovery responses, which merely refer to the allegations in the Complaint, are grossly insufficient to sustain a prima facie showing on the issue of proximate cause.**

Here, the Trustee has not produced any evidence that Mr. MacLeod or the Chapter 11 estate would have fared better but for Mr. Smith's alleged negligence. When asked in discovery to identify all facts that support the contention that Mr. Smith committed legal malpractice and breached a fiduciary duty, and to identify what action he should have taken, the Trustee's discovery responses merely stated: "Please refer to the allegations set forth in the Complaint filed in this action, which are incorporated by this reference." This answer is plainly insufficient, and provides none of the evidence required to support a prima facie showing of proximate cause. *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29 (D. D.C. 2007) ("It is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories"); *Young v. Key*

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 13
6780786.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 13 of 22

*Pharm., Inc.*, 112 Wn.2d 216, 225 (a party may not rely solely on the allegations in its pleadings); *Celotex*, 447 U.S. at 324 (nonmoving party must go beyond the pleadings).

Simply stated, the Trustee has failed to present any proof of how any damages were proximately caused by any alleged breach of the standard of care, and has failed to produce any evidence to support the claim. As discussed above, the trustee did not identify any damages in response to discovery requests. In addition, the record is devoid of any testimony or opinions from any witness that an element of damages resulted from an act of breach by Mr. Smith. Absent such evidence, the claims for breach of fiduciary duty and legal malpractice must be dismissed for failure of proof of the requisite element of proximate cause.

**b.    The Trustee's expert does not provide any admissible testimony on the issue of proximate cause.**

The Trustee's expert, Mr. Kornfeld, also does not provide any testimony or evidence on the issue of proximate cause. Mr. Kornfeld offers are 31 paragraph report. *See* Mooney Decl., Ex. 6. The report deals almost entirely on detailing the alleged breaches of the standard of care. There are only three paragraphs in Mr. Kornfeld's report that come close to addressing the issue of proximate cause, Paragraphs 27, 28, and 31. However, as discussed below, they do not create an issue of fact with respect to proximate cause.

**i.    Paragraph 27 of Mr. Kornfeld's report does not provide evidence of proximate cause.**

Paragraph 27 of Mr. Kornfeld's report states:

The Sequoia Trust, the property it held, and MacLeod's interest as the settlor, controlling trustee, and beneficiary of the Sequoia Trust should have been detailed on both the Chapter 11 schedules and the conversion schedules, including the loan forgiveness/transfer by MacLeod for the Trust's benefit. Mr. Smith's failure to schedule the Trust and these details fell below the standard of care for a lawyer representing a client filing a Chapter 11 bankruptcy case, and this failure subjected MacLeod to the Trustee's later challenge of MacLeod's discharge.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*See* Mooney Decl., Ex. 6, ¶27.

This statement does not present any evidence on the issue of proximate cause. Mr. Kornfeld does not say how either Mr. MacLeod or the Chapter 11 estate were damaged, nor does he identify any damages Mr. MacLeod or the Chapter 11 estate sustained as a result of the alleged negligent failure to properly disclose the Sequoia Trust. The closest he comes is saying that the failure to disclose the Sequoia Trust subjected MacLeod to the later challenge of his discharge, but he does not identify any damages that were caused by the alleged improper disclosure. This is an especially deficient showing, given that Mr. MacLeod ultimately did receive his discharge. *See* Bankr. Dkt. 363. Mr. Kornfeld does not address this, nor does he say how the discharge would have been different or how Mr. MacLeod would have fared better had the Sequoia Trust been disclosed differently.

>        ii.        **Paragraph 28 of Mr. Kornfeld's report does not provide evidence of proximate cause.**

Paragraph 28 of Mr. Kornfeld's report asserts:

> Due to MacLeod's role as settlor, trustee, and beneficiary of the Sequoia Trust, and Mr. Smith's apparent knowledge of the Trust, Mr. Smith should have advised MacLeod that the Trust and its details needed to be included on the bankruptcy schedules and Statement of Financial Affairs (otherwise MacLeod's discharge would be in jeopardy). Mr. Smith should have further advised MacLeod that it was possible that the Sequoia Trust would be determined to be a self-settled trust under RCW 19.36.020 and therefore subject to avoidance in Macleod's bankruptcy, which would mean that the property owned by the Trust would be subject to the claims of MacLeod's creditors in his bankruptcy. Based on my review, it appears possible that the 10 year period set forth in 11 U.S.C. 548(e)(1) had passed, which may have allowed the Trust to remain protected had it been properly disclosed. However, it appears that the settlement reached by the parties involving the Sequoia Trust property was tied to the risk of MacLeod losing his discharge, which was a risk created by Mr. Smith's failure to cause the proper disclosure. His failure to insure proper disclosure and to so advise Macleod fell below the standard of care for a lawyer representing and advising a potential debtor considering filing of a Chapter 11 bankruptcy

Mooney Decl., Ex. 6, ¶28.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

This statement likewise fails to create an issue of fact as to proximate cause, Mr. Kornfeld at best offers only speculation as to the impact of any alleged improper disclosure or lack of advice.

"Where there is no basis for the expert opinion other than theoretical speculation, the expert testimony should be excluded." *Queen City Farms, Inc. v. Central Natl. Ins. Co. of Omaha*, 126 Wn.2d 50, 103, 882 P.2d 703 (1994). Courts have excluded expert opinions that are based on unsubstantiated assumptions, including in legal-malpractice cases. *See Griswold v. Kilpatrick*, 107 Wn. App. 757, 758, 27 P.3d 246 (2001) (in legal-malpractice action, assertion that a settlement figure would have been higher but for attorney's delay in initiating settlement negotiations was speculative and conclusory; summary judgment of dismissal affirmed based on no proof of causation); *see also Halverson*, 46 Wn. App. at 719.

The plaintiff in *Griswold* alleged that the lawyer negligently procrastinated in pursuing the medical-malpractice claim, her husband died in the interim, and the underlying case would have commanded more in settlement had it settled while he was still living. *Id.* Division One affirmed dismissal of the legal-malpractice action on summary judgment, holding "it is difficult to escape the realm of speculation" when trying to prove that the lawyer's negligence deprived plaintiff of a favorable settlement. *Id.* at 762.

As in *Griswold*, the theory with this alleged breach is essentially that had Defendants properly disclosed the Sequoia Trust, it "may" have allowed the trust to be protected from Mr. MacLeod's creditors, and Mr. MacLeod may have been able to achieve a better settlement. Mr. Kornfeld cites no authority for this proposition. He also does not identify how the settlement would have been better, or how Mr. MacLeod or the Chapter 11 estate would have fared better. Instead, he merely speculates that the settlement into which Mr. MacLeod and the Trustee

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 16
6780786.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 16 of 22

entered may have been different had the Sequoia Trust been disclosed. This is the type of rank speculation that courts do not permit, and it is insufficient to sustain the Trustee's burden.

### iii. Paragraph 31 of Mr. Kornfeld's report does not create an issue of fact as to proximate cause.

Paragraph 31 of Mr. Kornfeld's report asserts:

> In addition, Mr. Smith failed to follow the Court's directed to file a plan and disclosure statement on or before June 1, 2015. Had Mr. Smith filed a timely plan in the Bankruptcy case, the plan could have been provided for exemption of the real estate excise tax arising from the sale of the Hunts Point property, as provide (sic) for in WAC 458-61A-207. The exemption would have benefited MacLeod's bankruptcy estate and creditors in the amount of approximately $140,000. Mr. Smith's failure to propose and pursue a plan in these circumstances, particularly in light of the Court's directive, fell below the standard of care of a lawyer representing a debtor in a Chapter 11 case.

Mooney Decl., Ex. 6, ¶31.

Mr. Kornfeld states that had Mr. Smith filed a reorganization plan, it **"could** have" provided for an exemption of the excise taxes, which would have benefited the estate and Mr. MacLeod's creditors in the amount of approximately $140,000. However, Mr. Kornfeld does not address whether a plan **would** have been confirmed, which is what would have been required in order to save the excise taxes. *See* 11 U.S.C. 1146. Absent such testimony, the Trustee lacks evidence that the estate or Mr. MacLeod would have fared better but for Mr. Smith's failure to propose a plan.

Even if Mr. Kornfeld did opine that a plan would have been confirmed, which he did not, such an opinion would be inadmissible speculation. "Where there is no basis for the expert opinion other than theoretical speculation, the expert testimony should be excluded." *Queen City Farms, Inc. v. Central Natl. Ins. Co. of Omaha*, 126 Wn.2d 50, 103, 882 P.2d 703 (1994). Courts have excluded expert opinions that are based on unsubstantiated assumptions, including

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 17
6780786.doc

**LEE·SMART**
P.S., Inc.· Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 17 of 22

in legal-malpractice cases. *See Griswold*, 107 Wn. App. at 758; *Halverson*, 46 Wn. App. at 719.

 *Halvorsen* involved a legal-malpractice action arising from the events of a dissolution trial. The *Halvorsen* plaintiff alleged her former dissolution attorney failed to advance appropriate legal theories that would, she alleged, have caused the judge to characterize corporations as community property and, in turn, award more money to the wife. The trial court hearing the subsequent legal malpractice action granted summary judgment, noting the evidence failed to raise an issue of fact as to negligence and proximate cause. The Court of Appeals affirmed, determining as a matter of law there was no proximate cause between the alleged breach and the claimed harm. *Id.* at 719.

 As in *Halvorsen*, any statement by Mr. Kornfeld to the effect that the Trustee or the Chapter 11 estate would have benefited had a reorganization plan been prepared and filed is based on pure speculation that a better outcome would have been achieved. As the Court is aware, in this case, the unsecured creditor body had been active in the bankruptcy case. *See, e.g.,* Bankr. Dkt. 53, 60, 65, 66, 78. The Trustee has produced no evidence to suggest that those creditors would have accepted a plan of reorganization, had one been proposed. For example, there are not declarations or affidavits from Columbia Bank or any other creditor indicating they would have voted to approve the plan. Absent such evidence, Mr. Kornfeld can only speculate that a plan would have been confirmed and the estate would have saved the estate the excise taxes. Such evidence is insufficient to raise an issue of fact.

**C.   The Trustee is prohibited from relying on any evidence which has not been disclosed.**

 The Trustee is bound by the deficient discovery responses and is not permitted to rely on any undisclosed information, and the plain language of the discovery rules dictate the outcome here. Fed. R. Civ. P. 37(c), provides that a party is not allowed to use information or

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 18
6780786.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

witnesses to supply information at trial or in response to a motion that was not supplied in response to a required disclosure under 26(a) or in response to written discovery. Fed. R. Civ. P. 37(c)(1); *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630 (S.D. N.Y. 2005) (Failure of software provided to adequately respond to discovery requests precluded introduction of lost profits damages.) Sanction of exclusion for violation of rule governing discovery disclosure requirements is automatic and mandatory unless sanctioned party can show that its violation was either justified or harmless; determination of justification or harmlessness is entrusted to broad discretion of district court. *David v. Caterpillar, Inc.*, 324 F.3d 851(Ill. 2003).

Factors guiding a court's discretion in determining whether violation of rule governing discovery disclosure requirements is justified or harmless, so as to preclude sanction of exclusion, are: (1) prejudice or surprise to party against whom evidence is offered; (2) ability of party to cure prejudice; (3) likelihood of disruption to trial; and (4) bad faith or willfulness involved in not disclosing evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851 (Ill. 2003).

These factors unquestionably weigh in favor of exclusion. Any subsequent, untimely disclosure will result in substantial prejudice and surprise, which Defendants are unable to cure. Defendants have been requesting the Trustee to produce evidence of damages and proximate cause since March 2019. However, the Trustee has not produced any, as discussed above. Any eleventh hour disclosure would require create a trial-by-ambush situation whereby the Trustee would be relying on evidence it has known about, but refused to disclose, thereby unfairly depriving Defendants the ability to rebut such evidence. Further, given that discovery is closed, Defendants would be prohibited from rebutting any new evidence or retaining a rebuttal expert, and thus are unable to cure any prejudice. Should the Trustee attempt to offer any such evidence at trial, it will force Defendants to make objections based on the untimely disclosure,

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 19
6780786.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

and force the Court to disrupt trial dealing with the objections, or continue it for a substantial amount to time and to reopen discovery. This is an especially unfair outcome, given that this case has been pending for over two years. Defendants have been requesting information about damages and proximate cause since March 2019, and as discussed above, the Trustee has thus far made a deficient showing. Defendants will clearly suffer unfair, incurable prejudice.

Finally, it is impossible for the Trustee to explain the failure to produce evidence sufficient to sustain his burden of proof as anything other than willful, in light of the fact the Court cautioned counsel about the discovery deficiencies and that they left the Trustee subject have his claims dismissed, and yet the Trustee did not supplement discovery. Even defense counsel repeatedly requested the information after the Court's warning, the Trustee *still* did not provide supplemental disclosures or discovery responses. It is almost impossible to image a more willful failure to supplement discovery or make required disclosures.

As such, pursuant to Fed. R. Civ. P. 37(c)(1), the Trustee is prohibited at trial, or in response to this motion, from relying on any evidence, opinions, or testimony not disclosed in discovery.

## VI. CONCLUSION

In the more than two years that this adversary proceeding has been pending, the Trustee has failed to respond to discovery identifying any damages, or how any claimed damages were proximately caused by a breach of the standard of care or a fiduciary duty. This failure is glaring in light of the fact this Court warned the Trustee that his evidence was insufficient. Nevertheless, the Trustee has made no effort to provide the required evidence, and discovery is now closed. This Court should grant Defendants' motion, dismissing the claims for legal malpractice and breach of fiduciary duty for lack of evidence on damages and proximate cause, both of which are essential elements of the Trustee's claims.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 20
6780786.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

DATED this 4th day of February, 2021.

LEE SMART, P.S., INC.


By: _/s/ Daniel C. Mooney_
    Jeffrey P. Downer, WSBA No. 12625
    Daniel C. Mooney, WSBA No. 44521
    Of Attorneys for Defendants

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 21
6780786.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 18-01149-MLB    Doc 46    Filed 02/04/21    Ent. 02/04/21 14:23:03    Pg. 21 of 22

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual(s):

Brian Waid                    bjwaid@waidlawoffice.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this _____ day of January, 2021.

LEE SMART, P.S., INC.


By: _/s/ Daniel C. Mooney_____
    Jeffrey P. Downer, WSBA No. 12625
    Daniel C. Mooney, WSBA No. 44521
    Of Attorneys for Defendants

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 22
6780786.doc