14-17526-MLB, Bankruptcy Estate of Garth MacLeod

*Wood v. Jonathan Smith, P.S. and Smith*, 18-01149-MLB

June 24, 2020 Hearing on Motion for Partial Summary Judgment

<u>JUDGE MARC BARRECA'S RULING</u>

**SPEAKERS**:

| | |
|---|---|
| JUDGE: | Hon. Marc L. Barreca |
| MOONEY | Attorney for Jonathan Smith, PS and for Jonathan Smith |
| WAID: | Attorney for Plaintiff Edmund J. Wood, Chapter 7 Trustee of the bankruptcy estate of Garth MacLeod |

MINUTE 0:00 (Hearing in progress)

MOONEY: Daniel Moody on behalf of the Defendants.

JUDGE: Alright, and I apologize for my hearings all running late. But at least you have the benefit that it was telephonic, so you could hopefully have gotten some other work done while you are waiting. Um, alright, this is my ruling on the Motion for Partial Summary Judgment that's at Docket No. 28 in *Wood v. Jonathan Smith,* 18-1149, this matter was before me on that motion, um, again at Docket 28. Edmund Wood, hereafter the Trustee, is the Chapter 7 Trustee of the Bankruptcy Estate of Garth MacLeod. The Trustee filed this lawsuit on October 24, 2018, seeking damages for legal malpractice and breach of fiduciary duty. The Motion seeks dismissal of all claims for damages in the form of 1) disgorgement of fees paid to the Defendant; and, uh, Defendants, and 2) reimbursement for attorneys' fees and costs incurred by the Trustee in administrating the Chapter 7 bankruptcy estate. The

Defendants assert, *inter alia,* that the Trustee is unable to recover attorneys' fees and costs regardless of any negligence, because Mr. MacLeod couldn, would not have been entitled to those fees and costs if he brought the lawsuit. The Defendants further assert that the American Rule precludes recovery, and that neither equitable indemnity nor any other exception to the American Rule applies. The Trustee contends that the Defendants misapply the law by failing to recognize that the asserted negligent actions occurred both pre and post-petition, and that the actions proximately caused damage to the bankruptcy estate and not only to Mr. MacLeod individually. The Trustee also asserts that the classic application of the ABC Rule is difficult to apply to a, in a bankruptcy context, given, uh, Mr. Smith's co-existing duties to Mr. MacLeod and the Estate, which are separate entities.

Having reviewed the pleadings and the arguments of counsel, and otherwise having good cause, I grant in part and deny in part the Motion.

BACKGROUND

In 2013, Mr. MacLeod hired defendants to explore legal options concerning his financially distressed home at 3810 Hunts Point Road, Hunts Point, Washington, hereafter "the Hunts Point Property". The Defendants initially negotiated with a secured lender on the Hunts Point Property, but the Defendants ultimately advised Mr. MacLeod to seek bankruptcy relief. Mr.

MacLeod, with Defendant's counsel, um, filed a Chapter 11 Petition on October 12, 2014. The Defendants represented Mr. MacLeod in the Chapter 11 proceeding. The case was converted to Chapter 7 on July 20, 2015, after a motion to convert filed by Columbia State Bank.

Defendants continued to represent Mr. MacLeod in the Chapter 7 case, until the Defendants withdrew on February 12, 2016. On October 24, 2018, the Trustee filed this adversary proceeding. The Trustee asserts the following negligent acts:

1.  Mr. Smith agreed to represent Mr. MacLeod in a complex Chapter 11 without having the necessary experience and skill;

2.  Mr. Smith failed to advise Mr. MacLeod of the risk that this case could be converted to Chapter 7 and that non-exempt property could be administered;

3.  Mr. Smith failed to seek Bankruptcy Court approval to employ the real estate broker hired to sell the Hunts Point Property;

4.  Mr. Smith failed to disclose relevant information on the Schedules; um

5.  Mr. Smith failed to file a liquidation plan, which caused the loss of an excise tax exemption under 11 U.S.C. Section 1146(a) and led to conversion to Chapter 7;

6.  Mr. Smith failed to advise Mr. MacLeod that he needed to reinvest homestead proceeds after the bankruptcy sale; and

7.  Mr. Smith incorrectly advised Mr. MacLeod to engage in certain post-petition transfers that resulted in litigation.

MIN: 4:22

JURISDICTION:

I have jurisdiction over the parties and the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. Sections 157(b) and 1334. I have subject matter jurisdiction over the entirety of this proceeding, although it appears to comprise both core arising in, um, jurisdiction and non-core related to jurisdiction. The Ninth Circuit has determined that legal malpractice claims against bankruptcy counsel whose, uh, duties pertain to administration of a bankruptcy estate are core proceedings subject to final adjudication. See *Schultze v. Chandler*, 765 F. 3d 945, 959 (9th Cir. 2014).

To the extent certain claims against the Defendants are not core proceedings as provided in *Schultze,* um, I have related to jurisdiction given the Estate's, um, ownership interests in the claims under 11 U. S. C. Sections 541(a)(1) and (a)(7). Pursuant to the Order approving Settlement Agreement and Stipulation entered on October 5, 2016, the Bankruptcy Estate has ownership interest in claims, even if those claims would have otherwise belonged to Mr.

MacLeod individually. *See* Bankruptcy Case No. 14-17526-MLB at Docket No. 353

ANALYSIS:

Summary Judgment. Federal Rule of Civil Procedure 56(a) provides that:

The Court shall grant summary judgment if the movant shows there, that there is no genuine display of material fact and the movant is entitled to summary judgment as a matter of law.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might have effect, if it might effect the outcome of the suit under the governing law. See *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The moving party may, uh, must make a *prima facia* showing that it is entitled to Summary Judgment before the burden of production shifts to the party opposing summary judgment. *Celotex Corp.*, 477 U.S. at 331. A moving party without the ultimate burden of persuasion at trial has both the initial burden of production and the ultimate burden of persuasion on the Motion for Summary Judgment. *Nissan Fire and Marine Insurance Co. v. Fritz Co.*, 210 F. 3d 1099, 1102 (9th Cir. 2000). In order to carry its burden of production, the moving party must produce either evidence negating an essential element of the nonmoving party's claim or, or

show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Id.* In order to carry a burden of persuasion on the motion. The nonmoving party must persuade the Court that there is no genuine issue of material fact. *Id.* The Court, in its discretion, may deny summary judgment if the legal determination, "should be postponed until it can be founded on a more complete factual record." *Virgil v. Time, Inc.,* 527 F. 2d, 1122, 1131 at Note 15 (9th Cir. 1975).

8:02

LEGAL MALPRACTICE.

In Washington, to sustain a claim for Legal Malpractice, the Plaintiff must prove: 1) the existence of an attorney/client relationship which gives rise to a duty of care on the part of the attorney to the client; 2) an act or omission by the attorney in breach of the duty of care; 3) damage to the client; and 4) proximate causation between the attorney's breach of the duty and the damage incurred. *Hizey v. Carpenter,* 1119 Wash. 251, 260 - 61 (1992). Under the American Rule, parties are responsible for their own litigation expenses. *Colorado Structures, Inc. v. Insurance Company of the West,* 161 Wn. 2d 577, 621 (2007). The parties generally cannot recover attorneys' fees, um, as costs or damages. *City of Seattle v. McCready,* 131 Wn. 2d 266, 275 (1997). Both a party may, uh, but a party may seek attorneys' fees when authorized by contract, statute, or a recognized ground of equity. *Newport*

*Yacht Basin Association of Condo Owners v. Supreme Northwest, Inc.*, 168 Wn. App. 86, 90, uh at 97, uh, (2020) I'm sorry (2012).

Washington Courts recognize the ABC Rule as an exception of the American Rule in legal malpractice cases. *LK Operating LLC v. Collection Group, LLC*, 181 Wn. 2d 117, 123 to 24 (2014). The ABC Rule applies when an attorney (A) represents a client (B) and as a result of A's malpractice, B becomes involved in separte litigation with a third party (C). If C sues B for malpractice, B can claim, as consequential damages, the attorney's fees B incurred in the litigation with C, but only if C was not connected to the original representation. *Id*, at 123.

Here, the Defendants argue in the motion that all costs of administration the Chapter 7 Estate has, of the, uh, cost of administration of the Chapter 7 Estate are barred under the American Rule. While the Defendants correctly state the general legal principals are application of the law in the context of this bankruptcy is misdirected. Defendants as counsel to debtor in possession owed a fiduciary duty to the bankruptcy estate. The Trustee as successor estate representative may properly assert damages, um, resulting from harm to the estate. *See*, *In Re: R & R Associates of Hampton*, 402 F. 3d 257, 262 (5th Cir. 2005). For this reason, the Defendants are incorrect in their assertion that the Trustee may only seek damages, um, that Mr. MacLeod would have been entitled to individually as he claims reparations to the duty to the estate. The main argument raised in the motion was premised on the

assertion that Mr. Smith fit the A position of the ABC analysis, Mr. MacLeod fit the B position. While this could be correct in certain circumstances, it could also be correct that the bankruptcy estate, which is represented by the Trustee could fit into the B position. Um, it would then follow that the Trustee could be entitled to reimbursement of attorneys' fees if the fees fit within the ABC exception.

MIN: 11:45

Moreover, the Defendants are incorrect in their assertion that all administration costs are attorneys' fees barred by the American Rule. The UST fees and the Trustee's fees under Section 326 are examples of fees which the American Rule or for which the American Rule is inapplicable. That being said, most of the administrative costs at issue appear to be for attorneys' fees and may potentially be precluded ultimately by the American Rule unless they fit within an exception.

At oral argument, it became clear that the Trustee did not focus on analyzing whether specific incurred attorneys' fees fit within the ABC analysis, especially as it relates to how specific acts or omissions by the Defendants caused the Trustee to become involved in separate and unrelated litigation with third parties. Instead, the Trustee focused on the main contention in the motion, that all costs and fees were not recoverable as a matter of law, because they were incurred by the Trustee and not by Mr. MacLeod, an assertion that's incorrect. I cannot fault the Trustee for not addressing with

specificity each of the incurred attorneys' fees and costs, when the overall premise of the motion was incorrect. I note, however, that many of the attorneys' fees and costs do not appear to fit within the ABC exception, um, e.g., fees incurred prosecuting the objection to Mr. MacLeod's discharge, um, or fees incurred in this Adversary Proceeding.

Conversely, some of the attorneys' fees and costs may arguably fit within the ABC exception, especially for purposes of summary judgment, where all justifiable inferences should be drawn in favor of the nonmoving party. Given the problems associated with the Motion, it would be inappropriate to grant summary judgment on specific fees and costs without allowing the Trustee to adequately brief the specific issues. I will defer any further analysis on the matter until a more complete factual record is presented.

I therefore conclude that the Defendants have not met their burden of persuasion and production and they have not shown that they are entitled to summary judgment as a matter of law.

As an aside, I have serious concerns that the Trustee has the ability to recover fees and costs in administering the Chapter 7 estate, um, as damages, especially as it relates to cau...uh, as it relates to the contination (sic) cog of the legal malpractice analysis. In reviewing the Trustee's response to interrogatories, when asked to provide an analysis on how the Trustee arrived at the damages, the Trustee answered merely by citing back to the Complaint. This will be insufficient to satisfy the Trustee's burden at trial

MACLEOD, Wood v. Smith, Defense Motion to Dismiss 06/24/2020
Page 9

Case 18-01149-MLB    Doc 48    Filed 03/01/21    Ent. 03/01/21 14:34:09    Pg. 9 of 12

and leaves the Trustee susceptible to a further motion for summary judgment that raises the absence of evidence supporting the causation prong of the legal malpractice analysis. I will therefore deny summary judgment but without prejudice to a further motion to summary judgment, even if it is, in essence, overlapping the general, um, topic of this Motion for Summary Judgment.

MIN: 14:53

BREACH OF FIDUCIARY DUTY.

The Motion also asserts that any damages flowing from breach of fiduc, the breach of fiduciary duty claim, "are subsumed by the legal malpractice claim and are subject to dismissal." To the extent the Motion requests dismissal of the breach of fiduciary duty claim, um, um, I deny it for the same reason I outlined previously.

DISGORGEMENT

The Motion also requests dismissal of the claim for disgorgement. As indicated in the Trustee's Response, Mr. Smith previously disgorged all attorneys' fees. Therefore, any claim for disgorgement is moot and should be dismissed.

CONCLUSION

In sum, the Motion is granted in part and denied in part. However, the denial is without prejudice to a further dispositive motion contesting damages. The Motion is granted as to the issue of disgorgement only. Counsel for the Trustee should submit an order accordingly.

And, alright, thank you and if there are no questions, we'll be at recess until 1:30.

MOONEY: Thank you, your Honor.

WAID: Thank you, your Honor.

JUDGE: Okay.

MIN: 16:10 End

---

## CERTIFICATION

STATE OF WASHINGTON)

: ss.

COUNTY OF KING )

I, Kieran M. McKee, am a legal assistant in the firm of WOOD & JONES, PS, of legal age, and competent to testify. I certify and declare under penalty of perjury under the laws of the State of Washington as follows:

I have been a legal secretary for over four decades and am experienced in transcription. I have transcribed as set forth above the June 24, 2020 Hearing on Defendants' Motion for Partial Summary Judgment in the Bankruptcy Estate of Garth MacLeod, Adversary Proceeding *Wood v. Jonathan Smith*. 18-01149-MLB, word for word, to the best of my ability.

DATED: September 8, 2020, at Seattle, Washington.

    /s/Kieran M. McKee
Kieran M. McKee, Legal Assistant
to Chapter Trustee Edmund J. Wood