Hon. Marc Barreca
Chapter 7
Hearing Date: March 4, 2021
Hearing Time: 9:30 a.m.
Hearing Location: Telephonic
Response Date: March 4, 2021

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GARTH A. MACLEOD,<br><br>Debtor,<br>_____<br><br>EDMOND J. WOOD, solely in his capacity as the chapter 7 trustee of the bankruptcy estate of GARTH A. MacLEOD,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN SMITH, P.S., a Washington professional services corporation d/b/a ADVANTAGE LEGAL GROUP, and JONATHAN SMITH, an individual,<br><br>Defendants. | CASE NO. 14-17526-MLB<br><br>Chapter 7<br><br>ADVERSARY No. 18-01149-MLB<br><br><br><br>PLAINTIFF'S SUR-REPLY<br>RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. 46] AND REPLY [Dkt. 49] |

Plaintiff files this short sur-reply to dispute two fundamental errors in Defendants' motion and reply.

A.  Messrs Wood and Groshong Are Not "Experts" Subject to Expert

Plaintiff's Sur-Reply
Page 1 of 4

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

**Witness Disclosure under FRCP 26(a)(2).**

The premise of Defendants' motion to exclude is mistaken. A witness who is not testifying as a retained expert may express opinions "rationally based on the witness' perception [if]. . .helpful to clearly to. . .determining a fact in issue." ER 701 (in pertinent part). Proximate cause constitutes an issue of fact. A sharp distinction exists between a "retained expert" who is specially employed for purposes of developing and expressing professional opinions in litigation, as distinguished from a percipient fact witness who testifies based on his/her first-hand knowledge. See, *e.g., Klausman v. CSK Auto Inc.,* 2008 WL 5504709 *4 (W.D. Wash. 04/09/2008)("By the Rule's plain terms, whether a written report is required as part of an expert witness disclosure turns on whether the witness was "retained or specially employed to provide expert testimony in the case," not on the content of the proposed testimony. Fed. R. Civ. P. 26(a)(2)(B)." Indeed, Plaintiff alerted the defense to that distinction as early as Plaintiff's initial discovery responses in November 19, 2019.[1]

---

[1] Plaintiff's Answer to Interrogatory no. 6 related to expert witnesses:

> **ANSWER:** Plaintiff intends to provide the requested information in conformity with the Notice of Trial and Order Setting Deadlines.
>
> Out of an abundance of caution, **Plaintiff notes that certain of the percipient fact witnesses listed in Plaintiffs' Answer to Interrogatory No. 2 may express opinions within their respective areas of practice, even though they are not retained experts and, therefore,** *not* **subject to expert witness disclosure requirements.** See, *e.g., MKB Constructors v. Am. Zurich Ins. Co.,* 83 F. Supp.3d 1078, 1093 (W.D. Wash. 2015). *Paiya v. Dunham Const. Co.,* 69 Wn. App. 578, 849 P.2d 660 (1993); *Baird v. Larson,* 59 Wn. App. 715, 801 P.2d 247 (1990);

Plaintiff's Sur-Reply
Page 2 of 4

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Case 18-01149-MLB    Doc 50-1    Filed 03/03/21    Ent. 03/03/21 16:07:45    Pg. 2 of 4

Here, neither the Trustee (Mr. Wood) nor his attorney (Mr. Groshong) are acting as a retained expert but are instead testifying as percipient fact witnesses under ER 701.

**B. Because FRCP 26(a) Does Not Apply, Refusing to Consider the Wood and Groshong Declarations Would Constitute Error.**

Plaintiff provided the defense with damage estimates in both discovery and in connection with Defendants' prior summary judgment motion. In a similar situation in which FRCP 26(a) also did *not* apply, *Naxos v. American Family Ins. Co.*, 2020 WL 106740 *5 (W.D. Wash. 01/09/2020) held "the court need not consider whether Naxos carried its burden to show that its failure to disclose was harmless or justified." Instead, the moving party had to show that the late disclosure made it "impossible" to complete damages discovery prior to trial. *Id.* Accord, *Focal Point Films, LLC v. Sandhu*, 2020 WL 5760355 *3 (N.D. Cal.). No such showing has been made here.

**IV. CONCLUSION**

The Court should therefore grant Plaintiff's Motion for Leave to File a Sur-Reply on shortened time and without additional notice.

Dated: March 3, 2021.

                                    WAID LAW OFFICE, PLLC

                                    BY: \_\_/s/ Brian J. Waid_____
                                            BRIAN J. WAID
                                            WSBA No. 26038
                                            Attorney for Plaintiff

Plaintiff's Sur-Reply
Page 3 of 4

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Case 18-01149-MLB    Doc 50-1    Filed 03/03/21    Ent. 03/03/21 16:07:45    Pg. 3 of 4

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day March 2021, I caused a copy of the foregoing pleading to be delivered to all counsel of record via the Court's ECF delivery system.

Dated: March 3, 2021.

WAID LAW OFFICE, PLLC

BY: /s/ Brian J. Waid
BRIAN J. WAID
WSBA No. 26038
Attorney for Plaintiff

Plaintiff's Sur-Reply
Page 4 of 4

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Case 18-01149-MLB    Doc 50-1    Filed 03/03/21    Ent. 03/03/21 16:07:45    Pg. 4 of 4